UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

WADE ELMORE,                          )    CASE NO. 1:06 CV 169
                                      )
          Plaintiff,                  )    JUDGE PETER C. ECONOMUS
                                      )
     v.                               )
                                      )    MEMORANDUM OF OPINION
DANIEL A. DUNLAP,                     )    AND ORDER
                                      )
          Defendant.                  )


     On January 24, 2006, plaintiff pro se Wade Elmore, an
inmate at the Lake Erie Correctional Institution, filed the above-
captioned action under 42 U.S.C. § 1983 against Lake County Sheriff
Daniel Dunlap.  The complaint alleges that plaintiff was formerly
an inmate at the Lake County Detention Center, and that he did not
receive appropriate pain medication because it was withheld by the
physician there.  For the reasons stated below, this action is
dismissed pursuant to 28 U.S.C. § 1915A.

     A district court is expressly required to dismiss any
civil action filed by a prisoner seeking relief from a governmental
officer or entity, as soon as possible after docketing, if the
court concludes that the complaint fails to state a claim upon
which relief may be granted, or if the plaintiff seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000).

Prisoners asserting cruel and unusual punishment must establish that prison officials have shown deliberate indifference to their needs. Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321 (1991). Prison officials may not deprive inmates of the "minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337. 348 (1981).

It is well established that section 1983 will not support a claim based upon a theory of respondeat superior alone. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Supervisory officials may be deemed liable for the unconstitutional actions of subordinates only when those actions are the result of official policies or customs. Monell v. Dept. of Social Services, 436 U.S. 658 (1978). Monell extends to patterns of misconduct in which the supervisor acquiesced. Hays v. Jefferson County, Ky., 668 F.2d 869 (6th Cir. 1982). See also, Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984) (requiring a showing that the supervisor encouraged the specific misconduct or in some way directly participated in it).

Even liberally construed, the complaint contains no allegation directly connecting Sheriff Dunlap to the asserted violation of plaintiff's federally protected rights, or reasonably suggesting that he encouraged, acquiesced in, or established policies resulting in the violation of such rights.

2

Accordingly, this action is dismissed under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


S/Peter C. Economus - 3/10/06
PETER C. ECONOMUS
UNITED STATES DISTRICT JUDGE